Argued and submitted January 21, reversed and remanded for reconsideration
September 25, 1985

DAVIS,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-745; CA A31874)

706 P2d 582

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance by respondent Northwest Care Facilities.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

Petitioner seeks review of an order of the Employment Appeals Board, one member dissenting, that denied her unemployment benefits because she voluntarily left her employment as a nursing assistant without good cause. We reverse and remand.

The referee made these findings:

"After two weeks notice, claimant voluntarily left work on February 10, 1984. Reason for leaving work: claimant was having more pain in her shoulder. * * * Claimant has bursitis in her shoulder which is aggravated by heavy lifting. * * * Although claimant was advised to leave her work by a physician in April of 1983 due to shoulder problems, claimant stayed on because she could not financially afford to become unemployed. * * * Employer has a special lifting technique that is to be used when heavy lifting of patients is required. Other employes are available to help in most heavy lifting situations."

We agree with petitioner that the findings of the referee, adopted by EAB, are not based on substantial evidence in the record and do not support the conclusion of the majority of EAB's members. Petitioner was advised by her doctor in April, 1983, to quit her work as a certified nursing assistant because of shoulder and back problems. The referee concluded that petitioner would have left work for "good cause" if she had quit work at that time. The only evidence was that, when she did quit ten months later, she did so because of pain and that the working conditions at that time demanded increased heavy lifting by her.

There is not substantial evidence in the record to support the referee's finding that help was available when needed. If anything, the evidence is to the contrary. Neither is there substantial evidence in the record to support the referee's finding that employer has a special lifting technique.

Reversed and remanded for reconsideration.